THE PEOPLE, PLAINTIFF AND RESPONDENT, v. DELIZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of Aguadilla in a Prosecution for Violation of the Election Law.

No. 779.—Decided April 13, 1915.

MINORS—LEGAL REPRESENTATIVE.—In criminal actions minors need not be represented by their legal representatives as the Penal Code does not so prescribe, punishment for crimes being of a personal character.

The facts are stated in the opinion.

Mr. Salvador Mestre, fiscal, for The People.

Mr. Luis Llorens Torres for the appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

At a trial in the District Court of Aguadilla on December 11, 1914, on an appeal from the municipal court, in which Santos Deliz González was charged with a violation of the Election Law, the defendant pleaded guilty to the charge of having wilfully registered as an elector in the registration list of July, 1914, in Isabela, of the municipal judicial district of Aguadilla, knowing that he had no right to such registration because he was a minor. He was sentenced to pay a fine of $50 or, in lieu thereof, to imprisonment for one day for each dollar of the fine not paid, with the costs. From that judgment he took this appeal.

The only question raised by his attorney before this court is that as the accused was a minor he could not consent to a plea of guilty, and therefore that the judgment based on such consent is voidable and should be reversed on appeal. Counsel argues that as under the law of Porto Rico a minor cannot consent to any contract affecting his property, it must be inferred that he cannot consent to anything affecting his right to freedom, which is more sacred than a property right.

It is true that according to the Civil Code minors cannot enter into contracts except through their legal guardians, and that the Code of Civil Procedure also prescribes that when a minor is sued he must appear in the suit through his legal representative; but these provisions, which are applicable to all persons under twenty-one years of age, are not made a part of the Penal Code which, on the contrary, makes all persons over fourteen, and even those under that age and over seven, liable for their criminal acts, unless there is clear evidence that they were not aware that they were doing wrong when they committed the criminal act.

Although the Legislature considered that persons under twenty-one years of age were incapable of giving consent to contracts, it saw fit to exempt only minors under seven years of age from criminal liability, and from the moment they are made liable for their crimes after reaching that age they do not need the assistance of their legal representatives, as is required in the execution of civil acts, because punishment for crimes is of a personal character.

This same question has been decided in a like sense in the case of *Ledrick* v. *United States,* 42 App. Cases, D. C., 386, and cases therein cited, decided November 3, 1914.

The judgment appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.